AO 106 (Rev. 04/10) Application for a Search Warrant                                    Approved: *[signature]* 2/5/25

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )       Case No. MJ-25- 90 -CMS
  )
A BLACK APPLE IPHONE CELLPHONE, IMEI  )
UNKNOWN, LOCATED IN SECURE EVIDENCE  )
STORAGE AT HSI, OKLAHOMA CITY  )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the    Western    District of    Oklahoma    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute and to Distribute Controlled Substances |
| 21 U.S.C. § 846 | Drug Conspiracy |

The application is based on these facts:

See attached Affidavit, which is incorporated by reference herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*[signature]*
*Applicant's signature*

Michael Feagan, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 5, 2025

*[signature: Chris M. Stephens]*
*Judge's signature*

City and state: Oklahoma City, Oklahoma

Chris M. Stephens, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A BLACK APPLE IPHONE CELLPHONE, IMEI UNKNOWN, LOCATED IN SECURE EVIDENCE STORAGE AT HSI, OKLAHOMA CITY | Case No. _____ |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Michael Feagan, Special Agent of Homeland Security Investigations (HSI), being duly sworn, depose and state as follows:

1.  I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device identified below and in **Attachment A**, which is currently in law enforcement possession—and the extraction from that property of electronically stored information described in **Attachment B**, which constitute evidence, instrumentalities, and fruits of violations of 21 U.S.C. § 841(a)(1) and 846.

2.  As a Special Agent of HSI, I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I am authorized to conduct criminal investigations of violations of the laws of the United States and to execute warrants issued under the authority of the United States.

3.  I have been employed as a Special Agent with HSI since February 2022. Prior to my position as a Special Agent for HSI, I served as a Special Agent for the United States Secret Service (USSS), beginning in July 2017. I have previously attended and

1

graduated from the Criminal Investigation Training Program at the Federal Law Enforcement Training Center in Glynco, GA; the USSS Special Agent Training Program in Beltsville, MD; and the HSI Special Agent Training in Glynco, GA. I am currently assigned to the Office of the Assistant Special Agent in Charge, Oklahoma City, Oklahoma. As part of my daily duties as an HSI Special Agent, I investigate criminal violations of federal law, including violations of violations of 21 U.S.C. §§ 841(a)(1) and 846.

4. I am submitting this Affidavit in support of a search warrant authorizing a search of a black Apple iPhone cellular telephone, IMEI unknown, seized from Racheal JOSEPH **(**hereinafter, **SUBJECT PHONE)**, as further described in **Attachment A**, which is incorporated into this Affidavit by reference. HSI Oklahoma City has custody of the **SUBJECT PHONE** in Oklahoma City, Oklahoma. I am submitting this Affidavit in support of a search warrant, which would authorize the forensic examination of the **SUBJECT PHONE** for the purpose of identifying electronically stored data that is particularly described in **Attachment B**, which constitute instrumentalities, evidence, and fruits of violations of 21 U.S.C. §§ 841(a)(1) and 846. The requested warrant would also authorize the seizure of the items and information specified in **Attachment B.**

5. Based on my training, experience, and the facts set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have been committed by James HENNESY, Racheal JOSEPH, and others. There is also probable cause to search the property described in **Attachment A** for instrumentalities,

evidence, and fruits of these crimes, as described in **Attachment B**.

6. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support a search warrant. The information contained herein is based on my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## **PROBABLE CAUSE**

7. On January 13, 2025, District 21 Drug and Violent Crime Task Force (D21) Interdiction Agent Bryce White conducted a traffic stop on a white Lexus sedan, bearing Oklahoma license plate QBL908, for exceeding the posted speed limit. The traffic stop occurred on Interstate 35 Northbound near mile marker 66 in Garvin County, Oklahoma, which is located within the Western District of Oklahoma. In the course of the traffic stop, Agent White identified the driver as HENNESY and the front seat passenger as JOSEPH.

8. During the traffic stop, Agent White noted an odor of marijuana from the interior of the vehicle. Both HENNESY and JOSEPH provided conflicting itineraries and displayed overly nervous behavior.

9. Upon a request from District 21 Agents, HENNESY provided consent to search the vehicle. Prior to the search, HENNESY volunteered that there was a lot of cocaine in the vehicle. District 21 Agents subsequently located a cardboard box in the front passenger floorboard next to where JOSEPH was previously seated.

3

10. The cardboard box contained five (5) packages, which were wrapped in multiple layers of plastic and tape. The packages contained a white powdery substance believed to be cocaine and showed presumptive positive for cocaine during a field test. Later, the five bundles were weighed at approximately 5.81 kilograms and tested positive for Cocaine HCL using a TruNarc Handheld Narcotics Analyzer. Additionally, two small containers of marijuana were found in JOSEPH's purse.

11. HENNESY and JOSEPH were transported to the Garvin County Sheriff's Office for processing.

12. I attempted to interview both HENNESY and JOSEPH at the Garvin County Sheriff's Office. HENNESY invoked his right to an attorney and the interview was concluded. JOSEPH admitted to knowledge of the drugs and stated that it was her first time traveling with HENNESY to acquire drugs. JOSEPH provided verbal consent to allow me to view access to her phone. While browsing in her phone, I recognized that there was a contact in WhatsApp named, "Palomo." I also viewed her recent calls and saw that she had made an outgoing call at 7:59 AM to "Palomo."

13. After learning that JOSEPH made a phone call to "Palomo" at 7:59 AM, District 21 Agent David Stephenson reviewed the in-car camera footage from within his vehicle. JOSEPH had been seated in Agent Stephenson's vehicle at 7:59 AM, while he and District 21 Agent Cook searched the white Lexus sedan after HENNESY provided consent. Agent Stephenson found that JOSEPH called someone at 7:59 AM and spoke to them. JOSEPH called the person on the phone, "Palomo." Agent Stephenson was unable to hear

the entire conversation, but he could hear her tell "Palomo" that they were stopped by the police, and that the police had "his" phone, referring to HENNESY. JOSEPH told "Palomo" that she would share her location with him while they were on the traffic stop. Based on my training and experience, as well as the circumstances of the phone call, I believe that JOSEPH was calling another co-conspirator to provide updates as to the shipment and notice that they had been stopped by police. I further believe that JOSEPH provided notice that HENNESY's phone had been seized by police as a warning to their co-conspirator, suggesting that HENNESY has used his phone in conjunction with the drug trafficking activities.

14.    The **SUBJECT PHONE** was found on JOSEPH. Pursuant to her arrest, District 21 Agents seized the **SUBJECT PHONE**. Later that morning, after I attempted to interview HENNESY and JOSEPH, I took custody of the **SUBJECT PHONE** and transported it to the HSI Oklahoma City office. I logged the **SUBJECT PHONE** in as evidence and secured it inside the locked evidence vault.

15.    Based upon my training and experience, I am aware that individuals involved in trafficking illegal drugs often use cell phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

5

16. Based on my training and experience, I know that individuals involved in trafficking illegal drugs often take and store photographs of controlled substances and the proceeds of drug sales, and usually take and store these photographs using their cell phones.

17. Based on my training and experience, I know that electronic devices like the **SUBJECT PHONE** can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the electronic device. This information can sometimes be recovered with forensic tools. This is true even if the user of the electronic device deleted the file. This is so because when a person "deletes" a file on a computer or electronic device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium until it is overwritten by new data.

18. Based on the above information, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **SUBJECT PHONE**. Therefore, I respectfully request that this Court issue a search warrant for the **SUBJECT PHONE**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

19. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **SUBJECT PHONE** consistent with the warrant. The examination may require law enforcement to employ techniques, including but not limited to computer-assisted scans of the entire medium, which might

expose many parts of the **SUBJECT PHONE** to human inspection in order to determine whether it is evidence described by the warrant.

20. Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

21. Based on my training and experience, I am aware that individuals involved in drug trafficking often use cell phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, videos, and GPS location information.

22. Thus, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **SUBJECT PHONE**. Therefore, I respectfully request that this Court issue a search warrant for the **SUBJECT PHONE**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

_____
MICHAEL FEAGAN
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this __5th__ day of February 2025 at Oklahoma City, Oklahoma.

_____
CHRIS M. STEPHENS
United States Magistrate Judge

## ATTACHMENT A
### Item to be searched

The property to be searched is described as: a black Apple iPhone cellular telephone, IMEI unknown, seized from Racheal JOSEPH **(SUBJECT PHONE)**. The **SUBJECT PHONE** is currently located in secure evidence storage at HSI in Oklahoma City, Oklahoma. This warrant authorizes the forensic examination of the **SUBJECT PHONE** for the purpose of identifying the electronically stored information described in Attachment B. Photos of the **SUBJECT PHONE** are below:



9

## ATTACHMENT B
## LIST OF ITEMS TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of the crime, or property designed or intended for use, or which is or has been used, as the means of committing a criminal offense, namely a violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 846, including:

1. All records on the **SUBJECT PHONE** described in Attachment A that relate to violations of 21 U.S.C. §§ 841(a)(1) and 846 involving James Jermaine HENNESY, Rachel JOSEPH, and others, including:

   a. lists of customers and related identifying information;

   b. list of co-conspirators and related identifying information;

   c. records of communications with customers or co-conspirators, whether such communications be a telephone call, text message (e.g., SMS or MMS), instant message, audio message, video message, or communication through an application stored on the phone;

   d. records detailing the types, amounts, or prices of drugs trafficked, as well as dates, places, and amounts of specific transactions;

   e. any information related to the sources of drugs, including names, addresses, phone numbers, or any other identifying information;

   f. any audio recordings, pictures, video recordings, or still-captured images on the **SUBJECT PHONE** related to the purchase, sale,

    transportation, storage, or distribution of controlled substances or the collection, transfer, or laundering of drug proceeds;

  g. all bank records, checks, credit card bills, account information, and other financial records;

  h. all records, including internet usage history, related to drug trafficking, including package tracking, electronic or internet mail communications, and electronic payment receipts; and

  i. any location data related to the acquisition, transportation, or distribution of controlled substances.

2. Evidence of user attribution showing who used or owned the **SUBJECT PHONE** described in Attachment A at the time the things described in this warrant were created, edited, or deleted, including:

  a. logs, phonebooks, saved usernames and passwords, documents, and browsing history;

  b. text messages, multimedia messages, email, email messages, chats, instant messaging logs, and other correspondence;

  c. photographs;

  d. records of Internet Protocol addresses used; and

  e. records of Internet activity, including firewall logs, caches, browser history and cookies; "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search enge, and records

of user-typed web addresses.

3.	Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include all the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any associated metadata.